## COURT OF APPEALS.

BENJAMIN A. MAYOR, appellant, agt. ANNIE E. MAYOR, respondent.

*Consolidation of actions — Code of Civil Procedure, sec. 817 — What actions may or may not be consolidated.*

When a plaintiff, as devisee, institutes separate actions for the partition of real property situated in different counties, and it appears that one of the defendants is only interested in the land situated in one county; that in such case the court has no power to consolidate said actions, but each of the same must be tried in the county where the land is situated.

*December*, 1882.

This was an appeal from an order made by the supreme court, in the second department, consolidating two actions brought by the plaintiff against several defendants to partition certain real estate situated in the counties of New York and Kings, in which he had become vested with an interest as devisee, under the will of his father, deceased. It appears

that the defendants, Lowe and wife, had an undivided half interest in the land situated in New York county, but no interest in the land situated in Kings county.

*Abram King*, for appellant.

*Adolph Simis, Jr.*, for respondent.

FINCH, *J.* — The order of consolidation must be reversed, because the special term had no power to make it. The authority to consolidate actions is given by section 817 of the Code, and permits it only where both actions are pending between the same plaintiff and the defendants for causes of action which might have been joined. That is not the case here. The actions were for partition. The subject of one action was land in the city and county of New York, and the other, land in the county of Kings, and two of the defendants, Lane and wife, in the New York action, were not parties to the Kings county action, and had no interest in the subject of the latter action. By the consolidation they are exposed to the possible costs and expenses and the delays of a litigation in another county, in which they have no interest. In such a case the consolidation does not consolidate. The two actions remain two, and cannot become one. All that is effected is an improper change of the place of trial from New York to Kings, and a concurrent trial of two actions, having neither the cause, parties nor the same subjects of action. The Code does not authorize such a proceeding.

The order of the general term and of the special term should be reversed, with costs.

All concur, except RAPALLO, J., absent.